UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA JOHNSON et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Cause No. 1:09-cv-574-WTL-TAB |
| | ) |
| THE BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

The Defendants previously filed a Motion for Summary Judgment (Docket No. 36) arguing that the Plaintiffs are collaterally estopped from alleging that D.J.'s injuries were caused by the Defendants' conduct. Per the Court's request, the Defendants have supplemented the evidentiary record and this motion is now ripe for ruling. Accordingly, for the reasons stated herein, the Defendants' motion is **GRANTED**.[1]

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d

---

[1] By virtue of this ruling the Defendants' Motion for Hearing on the Motion for Summary Judgment (Docket No. 41) is **DENIED AS MOOT**.

582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

The facts giving rise to this case were set forth in the Court's previous Entry (Docket No. 53). Instead of repeating them the Court simply incorporates them by reference as if they were stated herein.

## III. DISCUSSION

The Defendants argue that, by virtue of the juvenile court's adjudication, the Plaintiffs are collaterally estopped from asserting that any of the Defendants forced D.J.'s hand through the window. This Court applies Indiana's collateral estoppel law. *See* 28 U.S.C. § 1738; *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1317 (7th Cir. 1995) (stating "the effect of a state judgment in federal court depends on the state's rather than the federal law of . . . collateral estoppel"). In Indiana, "collateral estoppel operates to bar a subsequent re-litigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit." *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1037 (Ind. 1993). "In that situation, the first adjudication will be held conclusive even if the second is on a different claim." *Id.* (citing *Sullivan v. Am. Cas. Co.*, 605 N.E.2d 134,

137 (Ind. 1992)). In the instant situation, the parties agree that the Defendants are asserting "defensive" collateral estoppel. This occurs "when the defendant seeks to prevent a plaintiff from asserting a claim which the plaintiff had previously litigated and lost against another defendant." *Id*.

> [T]o determine whether the defensive use of collateral estoppel is appropriate, a court is to consider whether the party against whom the judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel.

*Id*.

In the instant case, D.J. was adjudicated delinquent by a juvenile court because he was found to have committed an act that "would be a crime if committed by an adult." Docket No. 54 Ex. 1 at 1. Specifically, the juvenile court found that D.J. committed criminal mischief, a class B misdemeanor, when he broke the office window at his school. The record indicates that D.J. and his parents were represented by private counsel at all of the hearings and, at the evidentiary hearing, witnesses, including D.J. and his mother, testified and were cross-examined. Following the evidentiary hearing, the Magistrate submitted a recommendation to the juvenile court judge, who, on December 5, 2007, entered a final dispositional order in the case. *See* Docket No. 54 Ex. 1. Based on these undisputed facts, the Court concludes that the Plaintiffs had a full and fair opportunity to litigate the issue of how D.J.'s hand went through the window. The juvenile court concluded that D.J., and not any of the Defendants, was responsible.

Having found the first prong of Indiana's collateral estoppel test satisfied, the Court must now determine whether, as the Plaintiffs claim, it would be unfair to permit the use of collateral estoppel in this case. The Plaintiffs make three arguments in support of this assertion. First, they claim that because the juvenile justice system was established "to rehabilitate rather than to

3

punish," Docket No. 40 at 21, it would be inappropriate to apply collateral estoppel in this situation. Second, the Plaintiffs claim that the Magistrate's exclusion of the testimony of DaWonda Gillespy denied them "a full and fair opportunity to litigate the underlying issue of how the window was shattered." *Id*. at 25. Finally, the Plaintiffs argue that the Defendants enjoy "broad and unilateral discretion" in the juvenile court system and by precluding their claim here, "all notions of fundamental fairness would be offended." *Id*. at 31-32.

Ultimately none of the Plaintiffs arguments are persuasive. Applying collateral estoppel in this case does not offend the reformative purposes of the juvenile justice system in any way. As to the exclusion of Ms. Gillespy's testimony, the Plaintiffs could have appealed the Magistrate's decision to exclude this testimony. Similarly, if the Plaintiffs felt that the juvenile court judge's dispositional order was unfair, then they could have appealed this decision. Having failed to do so, the Plaintiffs cannot use this Court to get a second bite at the proverbial apple. Applying collateral estoppel is not unfair to the Plaintiffs. Preventing the Plaintiffs from relitigating the issue of how D.J.'s hand went through the window promotes judicial economy and is both fair and equitable. *See Tofany*, 616 N.E.2d at 1039.

For the foregoing reasons, the Defendants' Motion for Summary Judgment (Docket No. 36) is **GRANTED**. However, because it is not clear whether the Plaintiffs are bringing claims against the Defendants that will not be affected by this ruling – that is, if the Plaintiffs are asserting any claims that do not stem from D.J.'s injuries – the Court will not enter judgment at this time. Instead, within **SEVEN DAYS** of the date of this Entry, the Plaintiffs are ordered to **SHOW CAUSE** why judgment should not be entered in the Defendants' favor as to all claims and all Defendants.

SO ORDERED: 10/06/2010

Copies to:

Daniel A. Ladendorf
Ladendorf & Ladendorf
dan@ladendorf.com

Caren L. Pollack
Pollack Law Firm, P.C.
cpollack@pollacklawpc.com

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana